IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

```
F I L E D
NOV 2 3 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

Neilson F. Bevier,                          )
    Petitioner,                          )
                            )
v.                                          )         1:09cv325 (AJT/TCB)
                            )
Commonwealth of Virginia,                    )
    Respondent.                          )

## MEMORANDUM OPINION AND ORDER

Neilson F. Bevier, a Virginia inmate proceeding pro se, filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Circuit Court for

the County of Stafford, Virginia for robbery, felony eluding, three counts of use of a firearm

during the commission of a felony, and two counts of abduction with intent to defile. Because it

appeared petitioner's claims were not properly exhausted, by Order dated April 28, 2009, the

Court directed petitioner to provide clear evidence of the claims raised in the direct appeal from

his circuit court conviction, the disposition of that appeal, and the filing and dismissal date of the

appeal. Bevier also was ordered to provide clear evidence of whether he filed a state habeas

petition in the Supreme Court of Virginia, the claims he raised in the petition, the disposition of

the petition, and the filing and dismissal dates of the petition. After reviewing petitioner's

response, it was clear that petitioner had not presented his claims to the Supreme Court of

Virginia, but that his claims would now be procedurally defaulted under Virginia Code § 8.01-

654(A)(2) (state habeas petition statute of limitations). As a result, by Order dated June 29,

2009, the Court allowed petitioner an opportunity to show cause and prejudice for the procedural

default of his claims, or that a fundamental miscarriage of justice would occur absent review.

Petitioner has filed a response to this Court's Order addressing the procedural default issues, and

for the reasons that follow, Bevier's petition must be dismissed. Petitioner also filed a Motion Requesting Appointment of Counsel, which will be dismissed as moot.

## I. Background

Petitioner was convicted on March 16, 2005. He appealed to the Court of Appeals of Virginia, which denied his appeal. Bevier v. Commonwealth, Case No. 1375-05-4 (Va. Ct. App. April 24, 2006). The Supreme Court of Virginia refused his case. Bevier v. Commonwealth, R. No. 070191 (Va. June 21, 2007). Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court for the County of Stafford, alleging all the claims presented in the instant petition. The state petition was dismissed on September 26, 2008, and petitioner failed to appeal this dismissal to the Supreme Court of Virginia.

Petitioner alleges in his "Motion of Excusable Neglect" that his ignorance of the law and his incorrect assumptions regarding deadlines provided by an attorney prevented his timely appeal of the Circuit Court's ruling on his habeas petition to the Supreme Court of Virginia. Although his specific allegations are difficult to understand, petitioner appears to state that he assumed an incorrect deadline for appealing state habeas decisions based on an attorney's letter. He also states that he temporarily lost legal papers during frequent moves within the prison system, though the papers are in his possession now.

## II. Procedural Default

Because petitioner did not appeal the Circuit Court's denial of his petition for a writ of habeas corpus to the Supreme Court of Virginia, his claims are barred from federal review. As explained to petitioner in this Court's previous Orders, under Virginia law, petitioner had thirty days in which to appeal the Circuit Court's dismissal of his state habeas corpus application, and that thirty-day notice requirement is mandatory. See Rules 5:5(a), 5:9, Rules of the Sup. Ct. of

2

Va. Petitioner's failure to appeal the state circuit court's dismissal constitutes an independent and adequate state law ground for decision. See Coleman v. Thompson, 501 U.S. 722, 740-42 (1991). As a result, petitioner's federal claims are both unexhausted and defaulted for the purposes of federal habeas review, and this Court may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

    In this case, petitioner has failed to show cause necessary for this Court to review the federal petition. He asserts that his ignorance of the law prevented him from filing an appeal in the Supreme Court of Virginia. However, as petitioner admits, ignorance of the law fails to constitute cause. Coleman, 501 U.S. at 753. As to petitioner's allegation that his temporarily misplaced legal papers prevented his timely filing, this argument is without merit and also fails to demonstrate cause. Petitioner admittedly was mistaken about the deadline, and thus even if he had possessed the papers at all times, there is no indication that he would have filed a timely appeal in the Supreme Court of Virginia. Thus, petitioner's claims are procedurally defaulted, and because he has not demonstrated cause to permit this Court to review his claims, the instant petition will be dismissed.

Accordingly, it is hereby

ORDERED that the instant petition for a writ of habeas corpus be and is DISMISSED WITH PREJUDICE as procedurally defaulted; and it is further

ORDERED that petitioner's Motion of Excusable Neglect (Docket # 12) be and is DENIED; and it is further

ORDERED that petitioner's Motion Requesting Appointment of Counsel (Docket # 13) be and is DENIED AS MOOT.

To appeal, the petitioner must file a written notice of appeal with the Clerk's Office within thirty (30) days of the date of this Order. A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order petitioner wants to appeal. Petitioner need not explain the grounds for appeal until so directed by the court. Petitioner must also request a certificate of appealability from a circuit justice or judge. See 28 U.S.C. § 2253 and Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to petitioner and to close this civil case.

Entered this 23 rd day of November 2009.

_____
Anthony J. Trenga
United States District Judge

Alexandria, Virginia

4